IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) JOEL MORENO-ESPADA<br>a/k/a JOEL, (Counts One and Two)<br>2) JOSE RAFAEL VELAZQUEZ-LOPEZ, a/k/a Bebe<br>(Counts One and Two)<br>3) ITHIER RIVERA-SANTIAGO,<br>a/k/a Ithier (Counts One, Two and Three)<br>4) JOSE RAFAEL ORTIZ-MELENDEZ<br>a/k/a Rafa, a/k/a Bombero (Counts One and Two)<br>5) JOSE A. RIVERA-SANTIAGO<br>**a/k/a** Pelón (Counts One and Two)<br>6) HECTOR LOPEZ-FLORES, a/k/a Kiko<br>(Counts One and Two)<br>7) LUIS DANIEL MELENDEZ-SANCHEZ<br>a/k/a Corito (Counts One, Two and Three)<br>8) MIGUEL A. LOPEZ-PAGAN, a/k/a Macho<br>(Counts One and Two)<br>9) OMAR MORENO-ESPADA<br>a/k/a Omar (Counts One and Two)<br>10) RAMON L. MARTINEZ-RODRIGUEZ<br>a/k/a Negro, a/k/a Spiderman<br>(Counts One and Two)<br>11) JOSE RIVERA-GONZALEZ<br>a/k/a Gil (Count One)<br>**12) JOSE E. RIVERA-GONZALEZ**<br>a/k/a Geño (Count One)<br>13) CARLOS JOSE CRUZ-FRANCO<br>14) SONIA ESPADA-MALAVEZ<br>a/k/a Coja (Count One)<br>15) LIZETTE RIVERA-ESPADA<br>a/k/a Pelota (Count One)<br>16) YARITZA I. FRANCESCHI-MALAVE<br>(Count One)<br>Defendants | CRIMINAL 05-0383CCC |

## O R D E R

Before the Court is the "Moción en Solicitud de que Nos Sea Anulado el Plea Agreement en el Caso de Epígrafe" filed by defendant José E. Rivera-González pro se on July 28, 2006 (**docket entry 243**). Defendant seeks through this motion to withdraw his plea of guilty entered on April 3, 2006, and in support of this request avers that when he signed the plea agreement on March 31, 2006[1] he was under the influence of strong sedatives, that

---

[1] The Plea Agreement reflects that it was signed by defendant on April 3, 2006. See docket entry 165, p. 9.

his attorney took advantage of this condition to convince him to sign the agreement, that the attorney also told him not to tell the Judge that he was under the influence of sedatives, that he does not know the charges to which he pled guilty nor the evidence which supports them, and that his attorney never read him the plea agreement. Defendant further claims that it was only after he pled guilty that he was advised by another person that there is no evidence against him, that he was not lucid at the time he signed the plea agreement, and that he pled guilty for crimes he never committed.[2]  As an attachment to the motion, defendant has submitted a list of the medications he takes every day, and which he presumably had taken before the change of plea proceedings, which he claims are "very strong sedatives."  Motion, at ¶4 (our translation).

A defendant who pleads guilty to an offense "possesses no absolute right to retract his plea." United States v. Pellerito, 878 F.2d 1535, 1537 (1st Cir.1989). Rule 11 provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). Among the relevant factors a court should consider are whether a plea was voluntary, intelligent, knowing and complied with Rule 11; the force of the reasons offered by the defendant; whether there is a serious claim of actual innocence; the timing of the motion; and any countervailing prejudice to the government if the defendant is allowed to withdraw his plea. United States v. Pizarro-Berríos, 448 F.3d 1, 4-5 (1st Cir 2006).

Defendant's challenge to the validity of his guilty plea essentially rests on the medications he had taken before the proceedings, which he claims were strong sedatives. "When, as now, a defendant wishes to have his plea declared invalid due to his use of prescription medication or illicit drugs, '[t]he mere fact that [he] took potentially mood-altering medication is not sufficient to vitiate his plea.' Rather, he must show 'that the medication affected his rationality.'" Miranda-González v. U.S., 181 F.3d 164, 165 (1st Cir. 1999) (quoting United States v. Pellerito, 878 F2d 1535, 1542 (1st Cir. 1989).

The Court has reviewed the transcript of defendant's change of plea hearing, held before U.S. Magistrate-Judge Camille L. Vélez-Rivé on April 3, 2006 (**docket entry 231**), and is convinced that defendant has failed to demonstrate now that the medications he allegedly took then "affected his rationality."  The transcript (TR.) reflects that following the duty imposed

---

[2] Defendant also complains in his motion about some information included in his Pre-Sentence Report (PSR) which he claims is false. See Motion, at ¶¶ 10-16. As the inclusion of said information in the PSR would not serve to support his request for withdrawal of the guilty plea, we do not consider it here.

by the Court of Appeals in <u>United States v. Parra-Ibañez</u>, 936 F.2d 588 (1st Cir. 1991), once the Magistrate-Judge confirmed during the Rule 11 hearing that defendant was on medication she inquired into the defendant's capacity to enter a plea. The following colloquy ensued:

"THE MAGISTRATE: Have you taken any drug, medicine, or alcoholic beverage in the last twenty-four hours?

MR. RIVERA: No, just my pills for my blood pressure.

THE MAGISTRATE: Okay, does the intake of those medications affect you in any way for understanding these proceedings?

MR. RIVERA: No, at no time, in no way.

THE MAGISTRATE: Do you feel well today physically and mentally?

MR. RIVERA: Yes.

THE MAGISTRATE: Do you believe that you understand these proceedings?

MR. RIVERA: Yes."

TR., at pp-5-6.

While the Court of Appeals has stated that "[t]he 'better practice' is to identify the drug in question, how recently it has been taken and in what quantity, and the drug's purpose and effects," <u>Cody v. United States</u>, 249 F.3d 47, 52 (1st Cir. 2001), here the Magistrate-Judge conducted the minimum inquiry required to satisfy herself that defendant's medications did not affect his competence to plead. Although defendant claims now that he was under the influence of strong sedatives when he signed the plea agreement before his change of plea hearing, his own evidence belies that assertion. Indeed, the list of prescribed medications that he has submitted attached to the motion, and which he had allegedly taken before signing the plea agreement on April 3, 2006, confirms what he affirmed to the Magistrate-Judge during the change of plea hearing held on that same date: that on that date he had only taken "pills for . . . blood pressure."[3]

Further review of the transcript confirms that defendant's plea of guilty was voluntary, knowing and intelligent. Defendant admitted that he had received a copy of the indictment filed against him, and that he had been able to fully consult with his counsel about the charges it contained. TR., pp. 7-8. He represented to the Magistrate-Judge that he understood the charges against him under Count One of the indictment. TR., p. 34. When asked whether he

---

[3] Defendant's list contains five different medications. Aside from aspirin, it includes Hydrochlorothiazide (a diuretic), Lisinopril (an angiotensin-converting-enzyme (ACE) inhibitor), Metoprolol (a beta blocker) and Nisoldipine (a calcium channel blocker), all antihypertensives- medications used to treat hypertension or high blood pressure. None are considered sedatives. See www.drugs.com.

was satisfied with the advice given to him by his counsel, he replied: "Excellent." TR., p. 8, line 16. He expressed his desire to plead guilty to Count One of the indictment, and affirmed that he had enough time to consult with his attorney about the change of plea proceedings. TR., p. 9. The Magistrate-Judge explained to defendant all the constitutional rights that he would be waiving by pleading guilty, and he acknowledged that he understood them. TR., pp. 11-14. Defendant also admitted that the plea agreement represented in its entirety the understandings that he had with the government, and that he was able to consult about the full content of the plea agreement with his attorney before signing it. TR., p. 18. Defendant recognized that no one had forced him to plead guilty, TR., p. 20, or had threatened him in any way to do so. TR., p. 21. He accepted that he was pleading guilty without coercion or any mental reservation. TR., p. 21. He also acknowledged that the representation of the facts made by the government--that he had participated in the distribution of narcotic controlled substances at Las Palmas public housing project in Coamo, Puerto Rico, and also possessed firearms in furtherance of the conspiracy--was accurate. TR. P. 31.

The thoroughness of the Rule 11 colloquy also serves to discredit defendant's other allegations in support of the plea withdrawal, namely that he did not know the charges to which he pled guilty nor the evidence which supported them, that his attorney never read him the plea agreement, and that the attorney pushed him into pleading guilty. Given that the transcript shows that defendant's plea was voluntary, intelligent, knowing and fully complied with Rule 11; that the reasons offered by him in support of the withdrawal are not supported by the record; that defendant has failed to make a serious claim of actual innocence; and that his motion was filed almost four (4) months after he entered the guilty plea, we must conclude that he has failed to provide a fair and just reason for withdrawing his guilty plea.

Accordingly, and for the reasons stated, the motion requesting withdrawal of guilty plea filed by defendant José E. Rivera-González pro se (**docket entry 243**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on August 11, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge