IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff
vs
1) JOEL MORENO-ESPADA
a/k/a JOEL, (Counts One and Two)
2) JOSE RAFAEL VELAZQUEZ-LOPEZ,
a/k/a Bebe (Counts One and Two)
3) ITHIER RIVERA-SANTIAGO,
a/k/a Ithier (Counts One, Two and Three)
4) JOSE RAFAEL ORTIZ-MELENDEZ, a/k/a
Pelón
(Counts One and Two)
5) JOSE A. RIVERA-SANTIAGO
a/k/a Pelón (Counts One and Two)
6) HECTOR LOPEZ-FLORES, a/k/a Kiko
(Counts One and Two)
7) LUIS DANIEL MELENDEZ-SANCHEZ
a/k/a Corito (Counts One, Two and Three)
8) MIGUEL A. LOPEZ-PAGAN, a/k/a Macho
(Counts One and Two)
9) OMAR MORENO-ESPADA
a/k/a Omar (Counts One and Two)
10) RAMON L. MARTINEZ-RODRIGUEZ
a/k/a Negro, a/k/a Spiderman
(Counts One and Two)
11) JOSE RIVERA-GONZALEZ
a/k/a Gil (Count One)
**12) JOSE E. RIVERA-GONZALEZ**
a/k/a Geño (Count One)
13) CARLOS JOSE CRUZ-FRANCO
14) SONIA ESPADA-MALAVEZ
a/k/a Coja (Count One)
15) LIZETTE RIVERA-ESPADA
a/k/a Pelota (Count One)
16) YARITZA I. FRANCESCHI-MALAVE
(Count One)
Defendants

CRIMINAL 05-0383CCC

**O R D E R**

The Court has before it the Objections to Pre-Sentence Report filed by defendant José E. Rivera-González on July 28, 2006 (**docket entry 242**) and the Government's Objection to the Pre-Sentence Report filed by the United States on July 31, 2006 (**docket entry 246**). Defendant objects to the application of a two-level upward adjustment under U.S.S.G. §2D1.1(b)(1) for possession of a weapon during the drug-trafficking offense to which he pled guilty, and also quarrels with the computation of his Criminal History Category. The United States also objects to the upward adjustment under U.S.S.G. §2D1.1(b)(1), and in addition

challenges the application of a two-level upward adjustment under U.S.S.G. §2D1.2(a)(1) for commission of the drug-trafficking offense in a protected location.

We turn first to the common objection, which disputes the applicability of an adjustment under U.S.S.G. §2D1.1(b)(1). At the outset, we note that defendant pled guilty to Count One of the Indictment (docket entry 2), which charged a conspiracy to possess with intent to distribute and distribute narcotic controlled substances in a public housing project in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A), 846 & 860. We also note that the Government's Version of Facts attached to defendant's Plea Agreement (docket entry 165), which defendant subscribed, specifically states that "defendant was present or participated in at least two (2) drug distribution transactions, <u>and also possessed firearms in furtherance of the conspiracy.</u>" (Emphasis ours.) Thus, defendant was convicted for a drug-trafficking offense, and he accepted having possessed firearms in furtherance of that offense. That is all which is required for application of the upward adjustment under U.S.S.G. §2D1.1(b)(1). While defendant contests now the specific information included in the PSR, apparently provided by a cooperating witness, that he took a .38 caliber revolver on March 16, 2001 (PSR, at p. 3, ¶ 12), that is not enough to defeat the application of the adjustment in light of his acceptance of the government's version of facts. The government's contention that the adjustment should not be applied simply because it was not contemplated in the parties' plea agreement is equally specious. After all, the application of guideline adjustments by the Court is based on the facts of a case, not the contractual whim of the parties. In sum, the adjustment under U.S.S.G. §2D1.1(b)(1) was correctly applied, and the parties' objections to the contrary are OVERRULED.

Defendant also objects the computation of his Criminal History Category (CHC). The U.S. Probation Officer calculated that defendant had four (4) criminal history points, resulting in a CHC of III. Defendant claims that he did not commit this offense while on probation for a prior crime, and that two criminal history points added for that reason should be deducted. Defendant points out that, as reflected by the PSR, the latest date of his prior criminal activity was June 23, 1995, and, based on it, concludes that he was not on probation when he committed this offense. However, the relevant date in the determination of whether he was actually on probation when he committed this offense is not the date of his prior crime, but the date when the probation sentence was imposed for said prior crime. The PSR indicates, and defendant has not disputed, that on May 1, 1998 he was sentenced for his prior crimes to serve consecutive terms of probation of 3 and 2 years, for a total probationary term of 5 years. That term would have expired on May 1, 2003. Defendant, in turn, engaged in the drug-trafficking conspiracy charged in this case "[f]rom on or about 1999 until November 9, 2005." <u>See</u>

Government's Version of the Facts attached to the Plea Agreement (docket entry 165). Thus, defendant was still on probation when he committed the offense of conviction, and as a result the two criminal history points added under U.S.S.G. §4A1.1(d) were correctly applied. Defendant's objection to his CHC is, therefore, OVERRULED.

Finally, the United States has objected to the two-level upward adjustment under U.S.S.G. §2D1.2(a)(1) which is applicable when a drug trafficking crime takes place in a protected location. Once again, the government's only argument against the adjustment is that it was not included in the plea agreement. Still, as we noted above, the fact remains that defendant pled guilty to Count One of the Indictment (docket entry 2) which charged the commission of a drug trafficking crime in a public housing project in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A), 846 & 860, and the Government's Version of Facts which defendant accepted specifies that he "participated in the distribution of narcotic controlled substances . . . at the Las Palmas Public Housing Project in Coamo, Puerto Rico," which classifies as a protected location under §860. Pursuant to the advisory Sentencing Guidelines, a conviction under 21 U.S.C. §§841(a)(1), (b)(1)(A), 846 & 860 requires the application of §2D1.2, Drug Offenses Occurring Near Protected Locations, which provides at subsection (a)(1) that the base-offense level is 2 plus the offense level from Guideline §2D1.1 applicable to the quantity of controlled substances, in this case 30. See §2D1.1(c)(5). Thus, the two-level upward adjustment under U.S.S.G. §2D1.2(a)(1) is clearly warranted in this case, and the government's objection to it is also OVERRULED.

SO ORDERED.

At San Juan, Puerto Rico, on October 26, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge