IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff
vs

JOSE E. RIVERA-GONZALEZ

Defendant

CRIMINAL 05-0383CCC

## O R D E R

The Court has before it the Motion to Withdraw Plea Agreement filed by defendant José E. Rivera-González on January 22, 2007 (docket entry 378), which the United States opposed on February 7, 2007 (docket entry 392). Defendant claims that the plea agreement into which he entered "was drafted by the Government and contained contradictory terms included by the latter in order to circumvent its obligation to uphold the performance of clauses beneficial to [him]." Motion, at p. 1, ¶ 2. Specifically, defendant correctly notes that while the parties stipulated in their Plea Agreement (docket entry 165) that the base offense level applicable to the offense under the Sentencing Guidelines would be thirty (30), that no other adjustments were warranted for defendant's role in the offense or for specific offense characteristics, and that the total adjusted offense level would be 27 after a three-level downward adjustment for acceptance of responsibility, the government's version of the facts attached to the Plea Agreement and subscribed by defendant included two factual averments - defendant's distribution of controlled substances at a public housing project and his possession of firearms in furtherance of the conspiracy - which eventually served to trigger the application of additional guideline adjustments in the Pre-Sentence Report beyond those expressly stipulated in the Plea Agreement itself. Defendant contends that this contradiction between the stipulations contained in the Plea Agreement and the government's version of the facts which accompanied it, and which he accepted, "reflect[ed] the Government's clear intention to outwit the defendant, <u>inducing him to</u>

CRIMINAL 05-0383CCC                                  2

plea (sic) guilty under a false scenario: that no further adjustments or departures would be warranted." Motion to Withdraw (docket entry 378), at p. 2, ¶ 5 (emphasis in original). In its response in opposition, the government avers that the record reveals that defendant's plea was voluntary and intelligent and that there is no support to his suggestion that the government intentionally used the version of the facts to circumvent the impact of the plea agreement.

An attempt to withdraw a guilty plea requires a "fair and just reason." Fed.R.Crim.P. 11(d)(2)(B). In order to determine whether defendant has met that standard, we must consider the plausibility and weight of the proffered reason for withdrawal, the timing of the request, whether there has been an assertion of innocence, and whether the plea was voluntary, knowing and intelligent. United States v. Sousa, 468 F.3d 42, 46 (1st Cir. 2006); United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir.1995).

During the change-of-plea colloquy, the U.S. Magistrate-Judge painstakingly addressed every requirement of Rule 11 and found that defendant was competent, see Transcript of the Change of Plea Hearing held on April 3, 2006 (TR.)(docket entry 231), p. 7, adequately represented by counsel, TR., p. 8, that he understood the charge, TR., p. 34, the Plea Agreement, TR., p. 18, and the impact of the sentencing guidelines, TR., pp. 25-29, and that he was pleading guilty voluntarily. TR., p. 21. More significantly, defendant expressly acknowledged his awareness that the Court could impose a harsher sentence than that agreed on the Plea Agreement itself and that such a sentencing determination, if it occurred, would not be a valid basis for a withdrawal of his plea. TR., pp. 19-20.

Moreover, during the change of plea hearing defendant was specifically asked about the version of facts which accompanied the plea agreement, and he stated that said version of facts was accurate. TR., p. 31. In addition, the summary of the evidence against defendant that the government proffered during the change of plea hearing included that he had participated in the distribution of controlled substances at a public housing project and that he possessed a loaded firearm. Id.

Against this backdrop of a voluntary, knowing and intelligent plea, defendant's latest argument that he was tricked by the government into pleading guilty by the latter's exclusion from

CRIMINAL 05-0383CCC                              3

the Plea Agreement of sentencing adjustments which were clearly applicable under the admitted version of facts is vapid.  The record reveals that the government was straightforward with defendant during the entire change of plea process, and there is simply no evidence of treachery or falsehood on its part.  It is true that defendant opted to pled guilty under a stipulated version of facts that was patently irreconcilable with the sentence it agreed with the government.  But we have no reason to suspect that he was not warned about it by his then attorney, more so when he has never alleged that such was the case.  Instead, he puts the blame entirely on the government, but the record does not lend support to his cries of deception.  In any event, defendant entered that plea with an express acknowledgment that the Court was not bound to sentence him in accordance with its terms.  "The fact that a defendant finds himself faced with a stiffer sentence than he had anticipated is not a fair and just reason for abandoning a guilty plea.  See United States v. Rodríguez-León, 402 F.3d 17, 26 (1st Cir.2005); United States v. Moore, 362 F.3d 129, 135 (1st Cir.2004); Miranda González v. United States, 181 F.3d 164, 165 (1st Cir.1999); United States v. Gónzalez-Vázquez, 34 F.3d 19, 22 (1st Cir.1994).

As to the other elements, they also weigh against defendant's attempt to withdraw his plea- he has again failed to make a serious claim of innocence, and this latest motion was filed more than nine (9) months after he initially pled guilty on April 3, 2006.

Accordingly, defendant's latest Motion to Withdraw Plea Agreement (docket entry 378) is DENIED.  His sentencing hearing is RESET for **June 27, 2007 at 4:30 P.M.**

SO ORDERED.

At San Juan, Puerto Rico, on June 18, 2007.

                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge